IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Christian L. Cummings, | Civil Action No. 8:16-cv-1111-CMC |
|---|---|
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed March 22, 2017, recommends that the decision of the Commissioner be reversed and remanded for administrative action pursuant to sentence four of § 405(g). ECF No. 14. On March 29, 2017, the Commissioner filed objections to the Report. ECF No. 16. On April 10, 2017, Plaintiff filed a response to the Commissioner's objections. ECF No. 17. For the reasons stated below, the court adopts the Report and reverses and remands the decision of the Commissioner for further administrative action, pursuant to sentence four of § 405(g).

## **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a do novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th

2

Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## Background

Plaintiff applied for DIB on June 16, 2014, alleging disability as of September 20, 2012 due to affective disorder and post-traumatic stress disorder ("PTSD").[1] Plaintiff's applications were denied initially and upon reconsideration. On April 6, 2015, Administrative Law Judge ("ALJ") Barry Ryan denied Plaintiff's claim. However, on May 21, 2015, the Appeals Council vacated the hearing decision and remanded the case to an ALJ for further action and to consider the opinion of Plaintiff's treating psychologist Thompson. ALJ Jerry Peace held a *de novo* hearing on October 6, 2015. The ALJ denied Plaintiff's claims in a decision dated November 5, 2015, finding that Plaintiff was not disabled within the meaning of the Act and had the ability to perform work at all exertional levels but with non-exertional limitations. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action April 8, 2016. ECF No. 1.

## Discussion

The Magistrate Judge recommends that the court reverse the Commissioner's decision and remand for further administrative proceedings because the ALJ failed to sufficiently discuss the

---

[1] Plaintiff's alleged onset date for his disability was later amended to November 20, 2013.

*Bird* decision[2] and to fully consider Plaintiff's VA disability rating. ECF No. 14. The Commissioner objects to the Report, arguing the Magistrate Judge erred in stating "as a starting point, the Administration must give substantial weight to a VA disability rating," and contending "the record clearly demonstrates that such a deviation from the general rule articulated by the Fourth Circuit in *Bird* is appropriate." ECF No. 16. Plaintiff supports the Report, arguing the ALJ did not appropriately evaluate the VA rating in this case, and the record does not show a deviation from the general *Bird* rule is proper.

The ALJ's decision shows he considered the VA's 100% disability rating, but assigned it little weight. However, the ALJ did not discuss the Fourth Circuit standard for assigning weight to a disability rating from the VA, as set forth in *Bird*, 699 F.3d at 343:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Instead, he relied on SSR 06-03p, 20 C.F.R. 404.1504, and 20 C.F.R. 416.904, noting these authorities provide "a decision by another governmental agency about whether an individual is disabled is based on its own rules and is not our decision about whether an individual is disabled."

---

[2] *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) ("[T]he SSA must give substantial weight to a VA disability rating . . .an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.").

4

ECF No. 7-2, ALJ Decision at 24 (Nov. 5, 2015). While this is correct, the use of this standard regarding VA disability ratings does not take Fourth Circuit precedent in *Bird* into account.

The Commissioner argues *Bird* did not hold substantial weight accorded to a VA disability rating must be a starting point for an ALJ's consideration, and the little weight afforded by the ALJ was appropriate in this case. While *Bird* may not have explicitly held substantial weight must be given to a VA disability rating *as a starting point*, it is clear the Fourth Circuit requires an ALJ to consider "a disability rating by one of the two agencies [as] highly relevant to the disability determination of the other agency" and the ALJ "must give substantial weight to a VA disability rating" unless the record "clearly demonstrates" a deviation is appropriate. In this case, the ALJ deviated significantly from "substantial weight" to "little weight." Further, he does not appear to have considered the *Bird* standard when deviating to little weight. Therefore, it does not appear the ALJ applied the correct legal standard.

Further, as the Magistrate Judge correctly found, the court is unable to determine whether the ALJ's deviation from assigning "substantial weight" to the VA disability rating to "little weight" was supported by substantial evidence. The ALJ disagreed with the VA's disability rating because Plaintiff's "subjective complaints [were] not consistent with [his] reported activities of daily living or his reasons for not working, as discussed above." *Id.* at 25. However, the discussion of Plaintiff's stated reasons for not working included a statement that Plaintiff "did not want to work for someone else," when Plaintiff actually stated "I really can't work for someone else." This misstatement shows substantial evidence may not support the ALJ's determination to accord Plaintiff's VA disability rating little weight.

5

Further, the ALJ cited no medical opinion to justify the deviation to little weight, and no particulars regarding the activities of daily living that show Plaintiff is capable of working. While the Commissioner argued Plaintiff's level of daily activity is "extensive," the ALJ did not explain which activities would justify according little weight to a VA disability rating or how those would outweigh the VA's rating or opinion of Psychologist Thompson. Therefore, based on the ALJ's one paragraph discussion of the VA's disability rating, the court is unable to determine whether the deviation to little weight is supported by substantial evidence.

## **Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and reverses and remands the decision of the Commissioner for further administrative action pursuant to sentence four of § 405(g).

**IT IS SO ORDERED**.

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
May 2, 2017